IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

MARCO RAFIEL THOMASELLI,

        Plaintiff,

    v.                          Civil Action No.: 1:18-cv-105
                                     (Kleeh)

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.


        MEMORANDUM OPINION AND ORDER
     AFFIRMING AND ADOPTING THE REPORT AND
     RECOMMENDATION OF THE MAGISTRATE JUDGE

        I.    INTRODUCTION AND BACKGROUND

        The Plaintiff, by counsel, seeks judicial review of the

Defendant's decision to deny his claims for disability insurance

benefits ("DIB") under Title II of the Social Security Act and

supplemental security income ("SSI") under Title XVI of the Social

Security AcT [Dkt. No 1].  Plaintiff applied for DIB and SSI on July

24, 2012, with a date of last insured ("DLI") of March 31, 2012 [Dkt.

No. 13-2 at 13].  His application was denied on October 19, 2012,

without subsequent appeal [Id.].  On July 11, 2014, Plaintiff made

protective reapplication for benefits, and alleged ongoing

disability since December 1, 2009, due to Crohn's disease, asthma,

high blood pressure, chronic obstructive pulmonary disease ("COPD"),

and "mental health" [Id.].  His reapplication for DIB was denied on

*res judicata* grounds, and his remaining reapplication for SSI was denied initially and again upon reconsideration [Id.].

The Plaintiff requested and the ALJ, Brian Crockett, held a hearing on March 7, 2017 [Dkt. No. 13-2 at 13]. At the hearing, Plaintiff moved to amend his date of disability onset from December 1, 2009, to January 1, 2013 [Id.]. However, because Plaintiff could not receive SSI until August 2014 (the month following the month during which the relevant underlying application was filed), Plaintiff's disability status was only determined after the July 11, 2014, protective filing date of his most recent application for benefits [Id. at 13-14]. The ALJ determined, and Plaintiff concedes in his brief, that the relevant period on his SSI claim is August 1, 2014, through May 3, 2017 [Id.; Dkt. No. 18 at 4; Dkt. No. 16-1 at 2]. On May 3, 2017, the ALJ issued an unfavorable decision to the Plaintiff, and the Plaintiff appealed [Id.]. The Appeals Council denied the Plaintiff's request for review on March 20, 2018 [Dkt. No. 13-2 at 2], and the Plaintiff timely brought his claim before this Court on May 2, 2018 [Dkt. No. 1].

In issuing his decision, the ALJ used a five-step evaluation process pursuant to 20 C.F.R. §§ 404.1420 and 416.920. Using that process, the ALJ made the following findings: (1) the Plaintiff has not engaged in "substantial gainful activity" since July 11, 2014, the protective filing date of his most recent application for SSI;

(2) the Plaintiff had the following severe impairments: asthma/COPD and Crohn's disease; (3) none of the Plaintiff's impairments met or medically equaled the severity of any impairment listed in Appendix 1, Subpart P, Regulation No. 4 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926); (4) the Plaintiff is capable of performing work activity that requires no more than a "medium" level of physical exertion, and involves no concentrated exposure to temperature extremes, vibration, pulmonary irritants or hazards; and (5) "[c]onsidering the claimant's age, level of education, work experience and prescribed residual functional capacity, he has remained capable throughout the period at issue of performing jobs that exist in significant numbers within the national economy" [Dkt. No. 13-2 at 16-24]. Accordingly, the ALJ found that Plaintiff did not have a disability as defined under the Social Security Act ("SSA").

By standing order of the Court, this matter was referred to United States Magistrate Judge Robert W. Trumble for proposed findings of fact and a recommended disposition. Thereafter, Plaintiff and Defendant both filed motions for summary judgment [Dkt. Nos. 16, 17] and supporting memoranda. The Plaintiff's motion for summary judgment argues that the ALJ's decision is not supported by substantial evidence.[1] Plaintiff contends that the ALJ (1) failed

---

[1] In the Stipulation of Facts that Plaintiff included in his brief, Plaintiff references evidence that was not presented to or considered by the ALJ [Dkt. No. 16-1 at 5-6]. The Commissioner argues that the Court cannot consider this evidence

to properly follow the treating physician rule when he assigned little weight to the opinion of his treating gastroenterologist, and (2) failed to properly consider Plaintiff's description of his symptoms which prevent him from being able to attend a job on a regular basis or stay on task while on the job [Dkt. No. 16-1]. The Plaintiff requests that the Court reverse the ALJ's decision and direct the SSA to make a finding of disabled as of the date of August 1, 2014 [Id. at 13-14]. In the alternative, the Plaintiff requests that the Court reverse the ALJ's decision and remand the case for further administrative proceedings [Id.].

The Defendant's motion for summary judgment argues that the ALJ applied the correct legal standard and the decision is supported by substantial evidence. Specifically, the Defendant argues that (1) the ALJ provided well-supported reasons for the weight he accorded the opinions of Amandeep Purewal, M.D., Plaintiff's treating gastroenterologist, and (2) the ALJ sufficiently articulated the reasons for his determination that Plaintiff was not entirely

---

because it was not before the ALJ [Dkt. No. 18 at 3, n.1]. The same evidence was presented by Plaintiff to the Appeals Council, which determined that it did not show a reasonable probability that it would change the outcome of the decision [Dkt. No. 13-2 at 2](stating that "[y]ou submitted medical records from Weirton Medical Center and Amandeep Purewal, M.D., dated April 1, 2016 to January 18, 2017 (21 pages) and Weirton Medical Center, dated December 21, 2016 to April 17, 2017 (75 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence."). Plaintiff did not argue that this finding was in error, nor has Plaintiff argued that this Court should consider evidence not presented to the ALJ. Accordingly, this evidence will not be considered [Dkt. No. 20 at 13,n.2; Dkt. No. 13-3 at 30-103; Dkt. No. 13-3 at 133-53].

persuasive concerning the limiting effects of Crohn's disease symptoms [Dkt. No. 18]. Defendant requests that the Court affirm the ALJ's decision [Id.].

The magistrate judge filed his Report and Recommendation (R&R) on January 24, 2019, concluding that the ALJ made no legal errors and that substantial evidence supported the ALJ's decision [Dkt. No. 20]. The R&R recommends that Plaintiff's *Motion for Summary Judgment* [Dkt. No. 16] be denied, Defendant's *Motion for Summary Judgment* [Dkt. No. 17] be granted, and that this matter [Dkt. No. 1] be dismissed with prejudice. Plaintiff timely filed objections[2] to the R&R on February 7, 2019 [Dkt. No. 21]. Defendant filed her response to those objections on February 19, 2019 [Dkt. No. 22].

## II.  APPLICABLE LAW

### A. Standard of Review

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not

---

[2] Plaintiff's objections [Dkt. No. 21] are nearly identical to Plaintiff's arguments in the *Memorandum in Support of Motion for Summary Judgment* [Dkt. No. 16-1].

direct the Court to a specific error" in the magistrate judge's recommendation. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

**B. Judicial Review of an ALJ Decision**

Although the Court will review the magistrate judge's R&R under a de novo standard of review, this Court's review of the underlying ALJ's decision is limited. See Smith v. Schweker, 795 F.2d 343, 345 (4th Cir. 1986). A "reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)(citation and internal quotation marks omitted). Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)("A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law."). The standard for substantial evidence is "more than a mere scintilla. It means

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(citation omitted); Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)("[s]ubstantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance").

When analyzing whether the ALJ's decision was supported by substantial evidence, this Court must determine whether the ALJ "consider[ed] all relevant evidence." Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439 (4th Cir. 1997). "In reviewing for substantial evidence, [the court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. Id.(citing Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)); see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012)("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ.").

### C. Five-Step Evaluation Process

The Plaintiff bears the burden of proving to the Commissioner that she is disabled within the meaning of the SSA. 42 U.S.C. § 423(d)(5); English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993).

When determining whether an individual is disabled, the ALJ is directed to use the following five-step sequential process:

i)     At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (See paragraph (b) of this section.)

ii)     At the second step, we consider the medical severity of our impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (See paragraph (c) of this section.)

iii)     At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (See paragraph (d) of this section.)

iv)     At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (See paragraphs (f) and (h) of this section and § 404,1560(b)).

v)     At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. (See paragraphs (g) and (h) of this section and § 404.1560(c)).

See 20 C.F.R. § 404.1520.

## D. Assessment of Medical Opinions

The ALJ is directed to use all relevant medical and other evidence when assessing an individual's RFC. See 20 C.F.R. § 404.1545. This includes evidence from medical examinations, opinions from medical sources, and descriptions and statements from the applicant regarding the applicant's abilities. Id. The SSA directs the ALJ to consider all medical opinions in its RFC determination. Id. Under 20 C.F.R. § 404.1527, the ALJ is directed to assess opinions as follows:

> *How we consider medical opinions.* In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive.
>
> *How we weigh medical opinions.* Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
>
> (1) *Examining relationship.* Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
>
> (2) *Treatment relationship.* Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or

brief hospitalizations.  If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.  When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion.  We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

(i)     *Length of the treatment relationship and the frequency of examination*.  Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a logintudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.

(ii)    *Nature and extent of the treatment relationship*.  Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion.  We will look at the treatment the source has provided and at the kinds and extent of the examinations and testing the source has performed or ordered from specialists and independent laboratories….  When the treating source has reasonable knowledge of your impairment(s), we will give the source's opinion more weight than we would

give it if it were from a nontreating
source.

(3) *Supportability*.  The more a medical source
presents relevant evidence to support an
opinion, particularly medical signs and
laboratory findings, the more weight we will
give that opinion.  The better an explanation a
source provides for an opinion, the more weight
we will give that opinion.  Furthermore, because
nonexamining sources have no examining or
treating relationship with you, the weight we
will give their opinions will depend on the
degree to which they provide supporting
explanations for their opinions.  We will
evaluate the degree to which these opinions
consider all of the pertinent evidence in your
claim, including opinions of treating and other
examining sources.

(4) *Consistency*.  Generally, the more consistent an
opinion is with the record as a whole, the more
weight we will give to that opinion.

(5) *Specialization*.  We generally give more weight
to the opinion of a specialist about medical
issues related to his or her area of specialty
than to the opinion of a source who is not a
specialist.

(6) *Other factors*.  When we consider how much weight
to give to a medical opinion, we will also
consider any factors you or others bring to our
attention, or of which we are aware, which tend
to support or contradict the opinion….

20 C.F.R. § 1527.

The ALJ must provide reasoning for the weight he assigned to

"all relevant evidence."  See Gordon v. Schweiker, 725 F.2d 231, 235

(4th Cir. 1984)(holding that a court "cannot determine if findings

are supported by substantial evidence unless the Secretary

explicitly indicates the weight given to all the relevant evidence."); See 20 C.F.R. § 404.1520.

### E. Assessment of Claimant's Credibility

The Commissioner has recognized that there are potentially disabling conditions, such as chronic pain, in which there may be little objective medical evidence to support the claimant's assertion of disability. "[A]n ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms." Lewis v. Berryhill, 858 F.3d 858, 870 (4th Cir. 2017); see 20 C.F.R. §§ 404.1529(b)-(c), 416.929(b)-(c)(2019). The ALJ first "looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms" and then "evaluate[s] the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities." Lewis, 858 F.3d at 866. The second step "requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects." Id.

When examining the credibility of an individual's statements, the ALJ "must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians … about the symptoms and how they affect the

individual, and any other relevant evidence." See Soc. Sec. Ruling ("SSR") 96-7p, 1996 WL 374186, at *1 (July 2, 1996).[3]   An ALJ's assessment of a claimant's credibility regarding the intensity and persistence of her symptoms is entitled to great weight when it is supported by the record.  See Hancock, 667 F.3d at 472.

## III. DISCUSSION

Plaintiff filed two objections to the R&R: (1) the magistrate judge wrongly concluded that the ALJ's assignment of little weight to Dr. Purewal's opinion was supported by substantial evidence and was determined in conformity with the law; and (2) the magistrate judge wrongly concluded that the ALJ's credibility assessment of Plaintiff was supported by substantial evidence [Dkt. No. 21 at 2, 7].   Plaintiff's objections largely restate the same arguments presented in his *Memorandum in Support of Motion for Summary Judgment* [Dkt. No. 16-1].

### A.   **Plaintiff's Objection Regarding the Weight Given to Dr. Purewal's Opinion Under the Treating Physician Rule**

Plaintiff contends that the magistrate judge erred in finding that substantial evidence supported the little weight accorded the opinion of Dr. Amandeep Purewal, Plaintiff's gastroenterologist, and

_____

[3] In March 2016, the Commissioner revised SSR 96-7p by eliminating the term "credibility" from the agency's policy and by clarifying that "subjective symptom evaluation is not an examination of an individual's character."   The agency continues to evaluate a disability claimant's symptoms using the two-step process outlined in the regulations.   See SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016).

that the ALJ's decision was made in conformity with the law [Dkt. No. 21 at 2].  As explained in the R&R, if a treating source's medical opinion on the nature and severity of a Plaintiff's impairments is "(1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with the other substantial evidence in the case record, it is given controlling weight" [Dkt. No. 20 at 9].  While "the testimony of a treating physician is often accorded greater weight, this 'treating physician rule … does not *require* that the [treating physician's] testimony be given controlling weight.'"  <u>Criss v. Comm'r of Soc. Sec.</u>, No. 5:16cv86, 2017 WL 2730647, at *3 (N.D. W.Va. June 26, 2017)(emphasis supplied)(quoting <u>Anderson v. Comm'r of Soc. Sec.</u>, 127 F. App'x 96, 97 (4th Cir. 2005)).  Where the opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, "then it should be accorded significantly less weight."  <u>Thompson v. Astrue</u>, 442 F. App'x 804, 808 (4th Cir. 2011)(quoting <u>Craig v. CHater</u>, 76 F.3d 585, 590 (4th Cir. 1996)).

When a treating source opinion is not given controlling weight, the ALJ is to apply the six regulatory factors in deciding the weight to give the medical opinion.  20 C.F.R. § 416.92(c)(2).  The factors include: (1) the examining relationship; (2) the treatment relationship; (3) supportability; (4) consistency; (5) specialization; and (6) any other factors that tend to support or

contradict the opinion. 20 C.F.R. § 416.927(c). The ALJ need not specifically list and address each factor in his decision, so long as sufficient reasons are given for the weight assigned to the medical opinion. See Pinson v. McMahon, NO. 3:07-1056-PMD-JRM, 2009 WL 763553, at *10 (D.S.C. Mar. 19, 2009)(holding that the ALJ properly analyzed a treating physician's medical opinion even though he did not list the five factors and specifically address each one).

In this matter, as detailed by the magistrate judge, the ALJ assigned "little weight" to Dr. Purewal's opinion for several reasons identified in the decision [Dkt. No. 20 at 11; Dkt. No. 13-2 at 21]. Based on all the reasons identified, the ALJ determined that "[t]he limitations [Dr. Purewal] ascribed appear based upon [an] incomplete understanding, and [without an] awareness of all the evidence that is available to the Administrative Law Judge. Therefore, Dr. Purewal's opinion is accorded little weight" [Dkt. No. 13-2 at 22]. The magistrate judge noted the ALJ's finding that there is little to no compelling evidence that Plaintiff's Crohn's disease worsened since his first applications were denied in October 2012 [Dkt. No. 20 at 13]. Prior to Plaintiff's 2016 surgery, Plaintiff's Crohn's disease was relatively stable with medication, with some occasional flare-ups which is supported by Plaintiff's proposed Stipulation of Facts [Id.; Dkt. No. 16-1 at 2-7]. Moreover, while Plaintiff had several emergency room visits for abdominal pain/Crohn's flare-ups

15

during the first half of 2014, between August 3, 2014, and October 1, 2016, the record before the ALJ shows that Plaintiff had only one emergency room visit for abdominal pain[4] [Dkt. No. 20 at 13; Dkt. No. 16-1 at 3-4].   The ALJ provided well-supported reasons for the weight accorded to the opinion of Dr. Amandeep Purewal, and ultimately determined that they were not supported by the weight of the evidence [Dkt. No. 13-2 at 20-21].

Plaintiff also argued that the ALJ erred in assigning little weight to Dr. Purewal's opinion because the ALJ improperly assigned great weight to the opinions of state agency consultants, and those agency consultants did not have all of Plaintiff's medical evidence available for review [Dkt. No. 16-1 at 10-11].   Plaintiff's argument on this point is without merit.   The regulations require the ALJ to consider the findings of state agency physicians because they are "highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation."   20 C.F.R. § 404.1527(e)(2)(i).   The ALJ is permitted to weigh those opinions as she sees fit, so long as an explanation is provided.   20 C.F.R. § 404.1527(e)(2)(ii).   In his memorandum and objections [Dkt. No. 16-1 at 11; Dkt. No. 21 at 6], Plaintiff

---

[4] As stated, the Court has not considered evidence submitted by Plaintiff as additional evidence to the Appeals Council that was not presented to and considered by the ALJ.   The Appeals Council determined that it did not show a reasonable probability that it would change the outcome of the decision [Dkt. No. 13-2 at 2].

contends that because agency physicians "at most did a record review of limited medical records and never examined the Plaintiff," the ALJ was wrong in giving their opinions great weight.[5] The regulations establish that this argument is fundamentally misplaced because the ALJ must consider the opinions of state agency doctors. Moreover, "[a]n ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies' or has failed to give a sufficient reason for the weight afforded a particular opinion." See Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015)(citations omitted)(quoting Scivally v. Sullivan, 966 F.2d 1070, 1077 (7th Cir. 1992)). Plaintiff offers no such indication.

A treating physician's opinion is given "controlling weight" only when that opinion is both "well-supported" by medically acceptable clinical and laboratory techniques, and "not inconsistent" with other substantial evidence in the record. 20

---

[5] As the Commissioner correctly observes in her *Brief in Support of Her Motion for Summary Judgment*, while a consultative examiner performs an examination of the claimant, 20 C.F.R. § 416.917, a state agency consultant does not, and instead reviews the medical records in a claimant's case record. See 20 C.F.R. § 416.913a(b); [Dkt. No. 18 at 10-11]. Also, the mere passage of time between the date of a state agency consultant's opinion and the date of the ALJ's decision does not, in and of itself, undermine, or render "stale" the state agency consultant's opinion [Dkt. No. 18 at 11]. See Stricker v. Colvin, No. 2:15-15, 2016 WL 543216, at *3 (N.D. W.Va. Feb. 10, 2016); see also Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2012)("[B]ecause state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision. The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it.").

C.F.R. § 416.927(c)(2); see Dunn, 607 F. App'x at 267.  The ALJ's
assignment of weight to Dr. Purewal's opinion was thoughtful and
based on a balance of the evidence.  The ALJ also explained his
rationale for assigning little weight to Dr. Purewal's opinion.  See
Smith, 395 F.Supp.2d at 307.  As it is not the reviewing court's
role to reweigh the evidence considered by the ALJ, Johnson, 434
F.3d at 653, the Court finds that the ALJ's decision concerning the
treating physician rule was in conformity with the law and supported
by substantial evidence in the record.  Plaintiff's objection on
this ground is overruled.

### B.    Plaintiff's Objection Regarding the Consideration Given to Plaintiff's Description of his Symptoms

Plaintiff argues that the magistrate judge wrongly concluded
that the ALJ's credibility assessment of Plaintiff was supported by
substantial evidence [Dkt. No. 21 at 7].  Plaintiff contends that,
while the ALJ decision stated that Plaintiff's testimony concerning
the intensity, duration, and limiting effect of his symptoms was not
fully persuasive, the decision failed to explain how Plaintiff's
reported symptoms are inconsistent with the evidence [Id.].
Plaintiff argues that his records show that he had to go to the
emergency room on ten occasions and was hospitalized for twenty-nine
days "between the beginning of 2014 and the end of 2016," and that
this "does not include days the Plaintiff would have missed work

18

because he was too symptomatic to leave his home or even his bathroom" [Id. at 8]. Plaintiff's argument is not persuasive.

First, Plaintiff concedes that "the ALJ correctly noted that claimant had no potential eligibility to received [sic] SSI benefits until August 2014, the month following the month he re-applied for benefits" [Dkt. No. 16-1 at 2]. Thus, the relevant period at issue for Plaintiff's SSI claim is August 1, 2014, through May 3, 2017, and not the beginning of 2014 or before. Secondly, as the Commissioner notes in her *Brief in Support of Her Motion for Summary Judgment* [Dkt. No. 18 at 4], the record before the ALJ shows that Plaintiff regularly advised his health care providers that he was engaging in work activities, often specifically noting that he was working as an HVAC technician[6] [Dkt. No. 18 at 4-5; Dkt. No. 13-2 at 15, 18-21]. Additionally, the medical records relied on by the ALJ support the conclusion that Plaintiff's condition and functionality remained relatively stable with medication prior to his 2016 surgery, and that many of Plaintiff's Crohn's symptoms resolved after that surgery [Dkt. No. 20 at 13; Dkt. No. 16-1 at 3-4]. Considering the

---

[6] The ALJ determined that that Plaintiff had not definitively engaged in "substantial gainful activity," at any time during the relevant period, or since the July 11, 2014, protective filing date [Dkt. No. 13-2 at 15]. However, the ALJ concluded that the evidence suggests that Plaintiff worked in the past and during the period at issue on an unofficial basis (i.e., "off the books" or "under the table") [Id.], because he reported work activity to physicians but his reported earnings were remarkably limited for 2008 ($1,540.00) and 2011 ($72.25) with no reported earnings in 2009, 2010, 2012, 2013, 2014, 2015 or 2016 [Dkt No. 13-2 at 15, 18-21].

record as a whole, including Plaintiff's testimony at hearing, the ALJ determined that "[t]he evidence indicates that the claimant has experienced problems related to Crohn's disease during the period at issue, but not of any persistent, permanent and totally disabling severity" [Dkt. No. 13-2 at 20]. He further concluded that "[t]here is no compelling evidence of any intractable, persistent and totally disabling constellation of symptoms" and that Plaintiff's "reliability as an informant is somewhat suspect" [Id.].

The ALJ's observations concerning the Plaintiff's credibility are given great weight because the ALJ has had the opportunity to observe the demeanor of the Plaintiff. See Shively, 739 F.2d at 989-90. Additionally, the ALJ assessed Plaintiff's credibility "in view of the objective medical and other longitudinal evidence of record" [Dkt. No. 13-2 at 20]. This Court has held that "[a]n ALJ's credibility determinations are 'virtually unreviewable'…. Ryan v. Astrue, No. 5:09cv55, 2011 WL 541125, at *3 (N.D. W.Va. Feb. 8, 2011). If the ALJ meets … her basic duty of explanation, then 'an ALJ's credibility determination [will be reversed] only if the claimant can show [that] it was 'patently wrong.'" Criss, 2017 WL 2730647, at *3(alteration in original)(citations omitted)(quoting Sencindiver v. Astrue, No. 3:08-cv-178, 2010 WL 446174, at *33 (N.D. W.Va. Feb. 3, 2010)).

While Plaintiff's argument and objection ignores the evidence of work performed by him and his own statements regarding the same, the regulations are clear that evidence of work performed by a claimant may be used in assessing the claimant's credibility. 20 C.F.R. § 416.971 ("The work, without regard to legality, that you have done during any period in which you believe you are disabled may show that you are able to work at the substantial gainful activity level."); see also Sue E. v. Berryhill, No. 6:17-cv-46, 2018 WL 434835, at *4 (W.D. Va. Aug. 15, 2018)("Evidence of work during the relevant period is a legitimate factor the ALJ may consider when determining the consistency of a claimant's subjective claims of disability."); Lafferty v. Colvin, NO. 4:13-cv-49, 2015 WL 156772, at *17 (W.D. Va. Jan. 13, 2015)("The ALJ may consider the applicant's recent work as he would any other evidence that is relevant to her credibility."). "[I]t is the ALJ's duty, not this Court's, to determine the facts and resolve inconsistencies between a claimant's alleged impairments and his ability to work." Redditt v. Colvin, No. 7:13-cv-391, 2014 Wl 2800820, at *6 (W.D. Va. June 18, 2014).

The record in this matter reflects that that ALJ appropriately weighed, considered and explained the inconsistencies in Plaintiff's work history [Dkt. No. 13-2 at 18-21], and the basis for his conclusion that Plaintiff was not a consistent or reliable informant

with regard to detailing the actual extent of his historical or ongoing work activity [Id. at 19-20]. The records support the finding that Plaintiff's condition and functionality remained relatively stable with medication prior to his surgery in October 2016, and that his symptoms resolved after surgery [Id. at 18-19]. As noted by the ALJ, the records show that after surgery, Plaintiff had actually returned to work, had been carrying on normal activities, and even "reported significant improvement in his symptoms to Dr. Lheureau as of December 1, 2016" [Id. at 19-20]. The magistrate judge correctly observed that Plaintiff does not point to "any objective evidence in the record that supports his subjective complaints that (1) his pain is so severe he cannot do anything around the house seven to ten days per month and (2) he needs to use the bathroom ten to fifteen times per day for ten for [sic] thirty minutes each time" [Dkt. No. 20; Dkt. No. 16-1, at 6, 12-13]. While the decision does not specifically address Plaintiff's subjective complaints presented at hearing [Dkt. No. 13-4 at 120, 124-25], the ALJ considered the entire record and provided substantial evidence to support his determination of Plaintiff's credibility [Dkt. No. 13-2 at 18-21].

The Plaintiff takes issue with the ALJ's ultimate conclusion that his subjective complaints of symptoms were inconsistent with the evidence of record [Dkt. No. 21 at 7]. However, the magistrate

judge concluded that the ALJ properly considered all of the evidence of record when he concluded that Plaintiff's assertions concerning the intensity, duration, and limiting effects of his symptoms were not fully persuasive [Dkt. No. 20 at 19]. This Court finds no error in the above determination of the magistrate judge, and upholds his recommendation. Plaintiff's objection in this regard is overruled.

## IV. CONCLUSION

Upon careful review of the Report and Recommendation [Dkt. No. 20], and for the reasons stated, the Court **ORDERS**:

(1) That the Report and Recommendation [Dkt. No. 20] be **AFFIRMED and ADOPTED** for the reasons more fully set forth therein;

(2) That Plaintiff's Objections [Dkt. No. 21] are **OVERRULED**;

(3) That Plaintiff's *Motion for Summary Judgment* [Dkt. No. 16] is **DENIED**;

(4) That Defendant's *Motion for Summary Judgment* [Dkt. No. 17] is **GRANTED**;

(5) That Plaintiff's Complaint [Dkt. No. 1] be, and it hereby is, **DENIED** and **DISMISSED WITH PREJUDICE**; and

(6) That this matter be **STRICKEN** from the active docket of this Court.

The Court further **DIRECTS** the Clerk to enter judgment in favor of Defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: September 19, 2019

/s/ Thomas S. Kleeh_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE
